CROWELL & MORING LLP
Douglas W. Sullivan (CSB No. 88136)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Cheryl A. Falvey (Appearance *pro hac vice*)
Kathleen Taylor Sooy (Appearance *pro hac vice*)
Rebecca B. Chaney (Appearance *pro hac vice*)
1001 Pennsylvania Ave, NW
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116

ISAACS CLOUSE CROUSE & OXFORD LLP
Gregory R. Oxford (CSB No. 62333)
21515 Hawthorne Boulevard, Suite 950
Torrance, CA 90503
Telephone: 310.316.1990
Facsimile: 310.316.1330

Attorneys for Defendant GENERAL MOTORS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| HELENE CAHEN, KERRY J. TOMPULIS, and MERRILL NISAM, RICHARD GIBBS, and LUCY L. LANGDON<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., FORD MOTOR COMPANY, GENERAL MOTORS LLC, and DOES 1 through 50,<br><br>Defendants. | Case No. 3:15-cv-01104-WHO<br><br>**DEFENDANT GENERAL MOTORS LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:          November 3, 2015<br>Time:         3:00 p.m.<br>Judge:       Hon. William H. Orrick |

### NOTICE OF MOTION AND MOTION TO DISMISS

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 3, 2015, at 3 p.m., or as soon thereafter as counsel

may be heard, in the United States District Court, Northern District of California, San Francisco

Division, located in San Francisco, California, Courtroom 2, before the Honorable William H.

Orrick, Defendant General Motors LLC ("GM") will move and hereby does move this Court for

an order dismissing with prejudice all of the claims and causes of action against GM in Plaintiffs'

First Amended Complaint, pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of

Civil Procedure.

## STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))

1.  Should all claims and causes of action against GM be dismissed because Plaintiff Nisam

does not allege a concrete injury in fact that would satisfy the constitutional requirements for

Article III standing?

2.  Should all claims and causes of action against GM be dismissed under Federal Rule of

Civil Procedure 12(b)(6) because Plaintiff Nisam does not allege facts plausibly showing the

essential element injury in fact?

3.  Should the implied warranty claims against GM (Counts IV and VII) be dismissed under

Federal Rule of Civil Procedure 12(b)(6) because Plaintiff Nisam does not allege that his vehicle

is "unmerchantable," *i.e.*, lacks fitness for its ordinary purpose of providing transportation?

4.  Should the "breach of contract /common law warranty" claim against GM (Count V) be

dismissed under Rule 12(b)(6) because Plaintiff Nisam does not allege the essential terms of any

contract with GM or any warranty issued by GM?

5.  Should the invasion of privacy claim against GM (Count VIII) be dismissed under Rule

12(b)(6) because Plaintiff Nisam does not allege a serious invasion of a legally protected privacy

interest as required by the California Constitution?

6.  Should the fraud-based claims against GM (Counts I, II, III and VI) be dismissed under

Rule 9(b) because Plaintiff Nisam does not plead those claims with particularity and under Rule

12(b)(6) because plaintiff does not allege reasonable or justifiable reliance on any GM statement?

This Motion is based on this Notice of Motion and Memorandum of Points and

Authorities in Support, the pleadings and papers on file, and upon such matters as may be

presented to the Court at the hearing on this Motion.

Dated:    August 28, 2015

CROWELL & MORING LLP

BY:  /s/ Cheryl A. Falvey

Attorneys for Defendant General Motors LLC

DEFENDANT GM'S MOTION TO DISMISS; CASE
NO. 3:15-CV-01104-WHO

1

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ iii

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................ 2

LEGAL STANDARD .................................................................................................... 3

ARGUMENT ................................................................................................................ 4

    I.     PLAINTIFF LACKS CONSTITUTIONAL STANDING. ..................................... 4

           A.     Plaintiff Nisam Does Not Allege Any Concrete or Impending Injury ........ 4

                 1.     Plaintiff Does Not Allege His Car Was Ever Hacked .................... 5

                 2.     Plaintiff Does Not Allege Any Information Was Ever Hacked. ...... 6

                 3.     Plaintiff's Conclusory Allegations Of Economic Loss Are Insufficient. ..................................................................................... 7

           B.     Plaintiff Nisam Alleges Conduct Not Traceable To GM. ........................... 8

    II.     PLAINTIFF NISAM FAILS TO STATE ANY CLAIMS UNDER CALIFORNIA LAW. ......................................................................................... 9

           A.     The Absence Of Injury Dooms All Of Plaintiff Nisam's Claims. .............. 9

                 1.     Warranty Claims. .......................................................................... 9

                 2.     Consumer Protection Claims. ....................................................... 10

                 3.     Privacy Claim. .............................................................................. 11

           B.     Plaintiff Nisam Fails To State A Claim For Breach Of Implied Warranty Of Merchantability (Counts IV and VII). ................................. 12

           C.     Plaintiff Nisam Cannot State A Claim For Breach Of Contract Or "Common Law Warranty" (Count V). ...................................................... 13

           D.     The Complaint Fails To State A Privacy Claim Under The California Constitution (Count VIII). ......................................................................... 15

                 1.     Plaintiff Nisam Does Not Allege Invasion Of A Legally Protected Privacy Interest. ........................................................... 15

                 2.     Plaintiff Nisam Does Not Allege A Reasonable Expectation Of Privacy In The Data. .................................................................... 17

                 3.     Plaintiff Nisam Does Not Allege A "Serious" Invasion Of Privacy. .................................................................................... 18

E.   Plaintiff Nisam's Fraud-Based Claims Must Be Dismissed (Counts I, II, III and VI)............................................................................ 19

1.   Plaintiff's Fraud-Based Allegations Are Subject To Rule 9(b)'s Heightened Pleading Requirements. ......................... 19

2.   Plaintiff Nisam Fails To Allege His Fraud-Based UCL, CLRA And FAL Claims With Particularity................................. 20

3.   Plaintiff Nisam Does Not Allege Reasonable Or Justifiable Reliance. ...................................................................................... 23

CONCLUSION .................................................................................................... 24

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alston v. Advanced Brands and Importing Co.*,
  494 F.3d 562 (6th Cir. 2007)...................................................................................................9

*Alvarado v. Aurora Loan Servs., LLC*,
  No. 12-0254, 2012 WL 4475330 (C.D. Cal. Sept. 20, 2012) ....................................................14

*Am. Suzuki Motor Corp. v. Superior Court*,
  37 Cal. App. 4th 1291 (1995) ...............................................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................3, 15

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983)...............................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................3, 15

*Berry v. Webloyalty.com, Inc.*,
  No. 10–CV–1358–H (CAB), 2011 WL 1375665 (S.D. Cal. Apr. 11, 2011),
  *vacated and remanded on other grounds*, 517 F. App'x 581 (9th Cir. 2013) ..........................17

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009).............................................................................................10, 11

*Bishop v. 7-Eleven, Inc.*,
  37 F. Supp. 3d 1058 (N.D. Cal. 2014) ...................................................................................11

*Blanco v. Baxter Healthcare Corp.*,
  158 Cal. App. 4th 1039 (2008), ...........................................................................................14

*Briehl v. Gen. Motors Corp.*,
  172 F.3d 623 (8th Cir. 1999)..................................................................................................10

*Castro v. JPMorgan Chase Bank, N.A.*,
  No. 14-cv-01539, 2014 WL 2959509 (N.D. Cal. June 30, 2014)............................................14

*Charles O. Bradley Trust v. Zenith Capital LLC*,
  No. C–04–2239 JSW(EMC), 2006 WL 798991 (N.D. Cal. Mar. 24, 2006) ..........................16

*Cholla Ready Mix, Inc. v. Civish*,
  382 F.3d 969 (9th Cir. 2004)...................................................................................................4

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013) ................................................................................3, 4, 6

*Clark v. Time Warner Cable*,
  523 F.3d 1110 (9th Cir. 2008)........................................................................23

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008)........................................................................13

*Contreras v. Toyota Motor Sales USA, Inc.*,
  No. C 09-06024 JSW, 2010 WL 2528844 (N.D. Cal. June 18, 2010), *aff'd and rev'd on other grounds*, 484 Fed. App'x 116 (9th Cir. 2012)................................5, 8

*Daugherty v. Am. Honda Motor Co., Inc.*,
  144 Cal. App. 4th 824 (2006) ........................................................................22

*Davidson v. Kimberly-Clark Corp.*,
  76 F. Supp. 3d 964 (N.D. Cal. 2014) .......................................................11, 21

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ......................................................................13

*Egan v. Schmock*,
  93 F. Supp. 2d 1090 (N.D. Cal. 2000) ...........................................................19

*Elias v. Hewlett-Packard Co.*,
  903 F. Supp. 2d 843 (N.D. Cal. 2012) ...........................................................20

*Folgelstrom v. Lamps Plus, Inc.*,
  195 Cal. App. 4th 986 (2011) ........................................................................18

*Foster Poultry Farms v. Alkar-Rapidpack-MP Equip., Inc.*,
  No. 1:11–cv–00030–AWI–SMS, 2012 WL 6097105 (E.D. Cal. Dec. 7, 2012)................23, 24

*Fredenburg v. City of Fremont*,
  119 Cal. App. 4th 408 (2004) ........................................................................16

*Friends of the Earth, Inc. v. Laidlaw Envt'l Srvs. (TOC), Inc.*,
  528 U.S. 167 (2000)........................................................................................4

*FW/PBS, Inc. v. Dallas*,
  493 U.S. 215 (1990)........................................................................................4

*Garcia v. Sony Computer Entm't Am., LLC*,
  859 F. Supp. 2d 1056 (N.D. Cal. 2012) .........................................................22

*Harrison v. Leviton Mfg. Co.*,
  No. 05-cv-0491, 2006 WL 2990524 (N.D. Okla. Oct. 19, 2006) .............................5

*Hill v. Nat'l Collegiate Athletic Assn.*,
    7 Cal. 4th 1 (1994) ...................................................................................15, 16, 17, 19

*In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*,
    288 F.3d 1012 (7th Cir. 2001)................................................................................10, 11

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......................................................................18

*In re Toyota Motor Corp. Unintended Acceleration Litig.*,
    790 F. Supp. 2d 1152 (C.D. Cal. 2011) .........................................................................8

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014) ...........................................................16, 17

*Juniper Networks v. Shipley*,
    No. C 09-0696 SBA, 2010 WL 986809 (N.D. Cal. Mar. 17, 2010) *aff'd sub
    nom. Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346 (Fed. Cir. 2011)...................3

*Kane v. Chobani, Inc.*,
    973 F. Supp. 2d 1120 (N.D. Cal. 2014) .......................................................................11

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)...................................................................4, 19, 20, 23

*Kent v. Hewlett-Packard Co.*,
    No. 09-5341, 2010 U.S. Dist. LEXIS 76818 (N.D. Cal. July 10, 2010) ...............................13

*LaCourt v. Specific Media, Inc.*,
    No. SACV 10–1256, 2011 WL 1661532 (C.D. Cal. Apr. 28, 2011)............................7, 8, 11

*Lee v. Toyota Motor Sales, U.S.A., Inc.*,
    992 F. Supp. 2d 962 (C.D. Cal. 2014) ......................................................... *passim*

*Leonel v. Am. Airlines, Inc.*,
    400 F.3d 702 (9th Cir. 2005)...........................................................................16

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).....................................................................................3, 4, 9

*Marolda v. Symantec Corp.*,
    672 F. Supp. 2d 992 (N.D. Cal. 2009) .......................................................................22

*Mocek v. Alfa Leisure, Inc.*,
    114 Cal. App. 4th 402 (2003) ..................................................................................12

*Montana Envt'l. Info. Ctr. v. Stone-Manning*,
    766 F.3d 1184 (9th Cir. 2014)....................................................................................4

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009)................................................................................3

*Netbula, LLC v. BindView Dev. Corp.*,
    516 F. Supp. 2d 1137 (N.D. Cal. 2007) ............................................................19

*Nguon v. Wolf*,
    517 F. Supp. 2d 1177 (C.D. Cal. 2007) ............................................................16

*O'Neil v. Simplicity, Inc.*,
    574 F.3d 501 (8th Cir. 2009)............................................................................10

*Parker v. Iolo Techs., L.L.C.*,
    No. 12-00984, 2012 WL 4168837 (C.D. Cal. Aug. 20, 2012)............................7, 11

*Pearce v. Club Med Sales, Inc.*,
    172 F.R.D. 407 (N.D. Cal. 1997).......................................................................16

*Pioneer Electronics (USA), Inc. v. Superior Court*,
    40 Cal. 4th 360 (2007) ....................................................................................17

*Rasmussen v. Apple, Inc.*,
    27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014) ....................................................21

*Reilly v. Ceridian Corp.*,
    664 F.3d 38 (3d Cir. 2011)..................................................................................6

*Riva v. PepsiCo, Inc.*,
    No. C 14-2020- EMC, 2015 WL 993350 (N.D. Cal. Mar. 4, 2015).......................5

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..............................................................14

*Scott-Codiga v. Cnty. of Monterey*,
    No. 10–CV–05450, 2011 WL 4434812 (N.D. Cal. Sept. 23, 2011) ....................15

*Simon v. E. Ky Welfare Rights Org.*,
    426 U.S. 26 (1976)..............................................................................................9

*Smedt v. Hain Celestial Grp.*,
    No. 5:12-cv-03029, 2013 WL 4455495 (N.D. Cal. Aug. 16, 2013) ....................23

*Smith v. Ford Motor Co.*,
    749 F. Supp. 2d 980 (N.D. Cal. 2010), *aff'd* 462 Fed. App'x 660 (9th Cir.
    2011) ..............................................................................................................22

*Stearns v. Select Comfort Retail Corp.*,
    No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ...........................14

*Stickrath v. Globalstar, Inc.*,
   527 F. Supp. 2d 992 (N.D. Cal. 2007) ...................................................................................21

*Taragan v. Nissan N. Am. Inc.*,
   No. C 09-3660 SBA, 2013 WL 3157918 (N.D. Cal. June 20, 2013) .........10, 12, 19, 21, 22, 23

*Trusky v. Gen. Motors Co.*,
   2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013) ....................................................15

*U.S. Hotel and Resort Mgmt., Inc. v. Onity, Inc.*,
   No. 13-499, 2014 WL 3748639 (D. Minn. July 30, 2014) ...........................................5, 6, 7, 9

*United States v. City & Cnty. of San Francisco*,
   979 F.2d 169 (9th Cir. 1994)...................................................................................................3

*Watkins v. Omni Life Sci., Inc.*,
   692 F. Supp. 2d 170 (D. Mass. 2010) ....................................................................................11

*Weaver v. Chrysler Corp.*,
   172 F.R.D. 96 (S.D.N.Y. 1997) ..............................................................................................11

*Whitaker v. Health Net of California, Inc.*,
   No. 11-0910-KJM, 2012 WL 174961 (E.D. Cal. Jan. 20, 2012) ...............................................7

*Whitson v. Bumbo*,
   No. C 07-05597 MHP, 2009 WL 1515597 (N.D. Cal. Apr. 16, 2009)................................5, 11

*Winans v. Emeritus Corp.*,
   No. 13-CV-03962-SC (JCS), 2014 WL 3421115 (N.D. Cal. July 14, 2014) ..........................22

*Wood v. City of San Diego*,
   No. 03cv1910–MMA(WMc), 2010 WL 4818012 (S.D. Cal. Nov. 22, 2010)...........................3

*Yu-Santos v. Ford Motor Co.*,
   No. 1:06- CV-01773-AWI-DLB, 2009 WL 1392085 (E.D. Cal. May 14, 2009)....................14

*Yunker v. Pandora Media, Inc.*,
   No. 11-CV-03113 JSW, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) ................................18

*Zody v. Microsoft Corp.*,
   No. 12–cv–00942–YGR, 2012 WL 1747844 (N.D. Cal. May 16, 2012) ..........................14, 15

**STATUTES**

Cal. Bus. & Prof. Code § 17200 *et seq.* .........................................................................................3

Cal. Bus. & Prof. Code § 17500 *et seq.* .........................................................................................3

Cal. Civ. Code § 430.10............................................................................................................14

Cal. Civ. Code § 1750 *et seq.* ....................................................................................................3

Cal. Civ. Code § 1791.1 ........................................................................................................3, 12

Cal. Civ. Code § 1792 ..........................................................................................................3, 12

Cal. Com. Code § 2314 ..................................................................................................3, 12, 13

**RULES**

Fed. R. of Civ. P. 9(b) ......................................................................................................... *passim*

Fed. R. of Civ. P. 12(b)(1) .........................................................................................................3

Fed. R. of Civ. P. 12(b)(6) .............................................................................................1, 3, 19

**CONSTITUTIONAL PROVISIONS**

Cal. Const. art. I, § 1 ..................................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This complaint spins a hypothetical story of conjecture built upon conjecture:  a hypothetical "hack" requiring a hypothetical criminal "attacker" with hypothetical physical or wireless access to hypothetically seize control of a car's computer system.  The facts alleged by Plaintiff Merrill Nisam (the only plaintiff asserting a claim against GM) show he has no concrete injury and therefore no standing to bring any claim against GM.  Plaintiff Nisam does not allege any actual "hack" of his GM car or any "certainly impending" hack.  With no allegations of injury in fact, he does not meet the first requirement for constitutional standing.  Plaintiff also does not satisfy the second "traceability" prong of standing, requiring him to trace any alleged injury to the conduct of GM, because his claims rest upon a hypothetical intervening criminal act.  This Court therefore has no subject matter jurisdiction because Plaintiff Nisam lacks standing and thus there is no "case or controversy" as required under Article III.

Beyond this threshold jurisdictional bar, each claim asserted against GM fails to state a claim upon which relief can be granted.

First, an allegation of injury is a required element of each of Plaintiff's claims, from the fraud-based claims (Counts I-III and VI), to the warranty claims (Counts IV, V, VII), to the privacy claim (Count VIII).  His claims must be dismissed under Rule 12(b)(6) because he does not allege that a defect has manifested itself in his vehicle and he has not been harmed by any defect.  With no injury, he cannot state *any* claim against GM.

Second, Plaintiff's implied warranty claims fail for the additional reason that he does not allege facts showing that his car is unmerchantable, or that he cannot use his GM car for its intended purpose of transportation.  Plaintiff's "breach of contract/common law warranty" claim likewise misses the mark because it does not allege any contract with GM, any applicable warranty terms, or any breach.

Third, Plaintiff has no privacy claims under the California Constitution because he does not allege a serious invasion of a legally protected privacy interest, and California law holds that there is no reasonable expectation of privacy in the geographic location of Plaintiff's car.

1   Plaintiff does not allege that any "hacker" has misused any data allegedly collected by GM.

2   Plaintiff further admits that GM discloses its pertinent practices with regard to data collection in

3   "owners' manuals, online 'privacy statements,' and terms & conditions."

4         Fourth, Plaintiff's fraud-based claims cannot proceed because they are not pleaded with

5   the required particularity under Rule 9(b).  Plaintiff Nisam also does not make the required

6   allegation that he relied on a representation or omission by GM in deciding to purchase his car.

7   In fact, he alleges only two generic statements by GM, one of which was issued in a press release

8   *one year after* his purchase.  Also, Plaintiff's allegations of hypothetical or theoretical safety

9   concerns cannot support a nondisclosure claim under California consumer statutes or a claim for

10  alleged "fraudulent concealment."

11        For these reasons, all of Plaintiff Nisam's claims against GM should be dismissed.

12                                       **STATEMENT OF FACTS**

13        Five named Plaintiffs purport to bring claims against GM, Ford and Toyota on behalf of

14  putative state-wide classes of owners whose vehicles contain a CAN bus that is connected to an

15  integrated cell phone or Class 1 or Class 2 master Bluetooth device.  Am. Compl. ¶¶ 3, 51.  Only

16  Plaintiff Nisam asserts claims against GM, alleging that in March 2013, he purchased a new 2013

17  Chevrolet Volt from Novato Chevrolet.  *Id.* ¶ 14.  He does not allege any direct contact or

18  relationship with GM, or any request to GM to repair his car.

19        Plaintiffs allege that their vehicles—and every single Ford, Toyota and GM vehicle with

20  certain computer systems—"are susceptible to hacking and [are therefore] neither secure nor

21  safe." *Id.* ¶ 6; *see also id.* ¶¶ 8, 34.  Plaintiffs allege that "an *attacker*" can "remotely and

22  wirelessly access" the vehicle's networked computer systems, also called a "CAN bus." *Id.* ¶ 34

23  (emphasis added).   Plaintiffs likewise allege that someone with physical access to a vehicle can

24  "maliciously" "inject" one or more "false messages" or "manipulate packets" in transit on the

25  computer network. *Id.* ¶¶ 33-34.  According to Plaintiffs, this hypothetical unauthorized breach

26  could potentially result in an attacker taking control of a vehicle.  *Id.* ¶ 1.  Plaintiffs allege work

27  by sophisticated research institutes (the U.S. Defense Advanced Research Projects Agency and

28  two universities) shows the theoretical ability to breach these computer systems.  *Id.* ¶¶ 36-37.

1    Plaintiff Nisam asserts eight causes of action against GM:  (1) Unfair Competition Law

2  (Cal. Bus. & Prof. Code § 17200 *et seq*.; "UCL"); (2) Consumers Legal Remedies Act (Cal. Civ.

3  Code § 1750 *et seq*.; "CLRA"); (3) False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et*

4  *seq*.; "FAL"); (4) UCC Implied Warranty of Merchantability (Cal. Com. Code § 2314);

5  (5) Breach of Contract / Common Law Warranty; (6) Fraud by Concealment; (7) Song-Bervely

6  Consumer Warranty Act Implied Warranty of Merchantability (Cal. Civ. Code §§ 1791.1 &

7  1792); and (8) Invasion of Privacy (Cal. Const. art. I, § 1).  Am. Compl. ¶¶ 62–138.

8    Plaintiff Nisam seeks injunctive relief, punitive damages, restitutionary disgorgement,

9  other unspecified damages, pre- and post-judgment interest and attorneys' fees from GM.  Am.

10  Compl. Request for Relief.

11                                    **LEGAL STANDARD**

12    A suit brought by a plaintiff without Article III standing is not a "case-or-controversy"

13  over which a federal court has subject matter jurisdiction.  *Clapper v. Amnesty Int'l USA*, 133 S.

14  Ct. 1138, 1146 (2013); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Where there

15  is no "case or controversy," the suit must be dismissed under Rule 12(b)(1).  *Lee v. Toyota Motor*

16  *Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 972-73 (C.D. Cal. 2014).  The burden to establish

17  subject matter jurisdiction rests with Plaintiff as the party asserting jurisdiction.  *See Wood v. City*

18  *of San Diego*, No. 03cv1910–MMA(WMc), 2010 WL 4818012, at *5 (S.D. Cal. Nov. 22, 2010);

19  *see also United States v. City & Cnty. of San Francisco*, 979 F.2d 169, 171 (9th Cir. 1994) (the

20  party seeking to invoke federal jurisdiction "bears the burden of establishing standing").

21    For a complaint to survive scrutiny under Rule 12(b)(6) "the non-conclusory 'factual

22  content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

23  entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009);

24  *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57

25  (2007).  Although the Court must accept well-pleaded facts as true, it need not accept as true

26  conclusory allegations, unreasonable inferences, unwarranted deductions of fact or legal

27  conclusions cast as factual allegations.  *See, e.g.*, *Juniper Networks v. Shipley*, No. C 09-0696

28  SBA, 2010 WL 986809, at *4 (N.D. Cal. Mar. 17, 2010) *aff'd sub nom. Juniper Networks, Inc. v.*

DEFENDANT GM'S MOTION TO DISMISS; CASE
                                                                    NO. 3:15-CV-01104-WHO

1   *Shipley*, 643 F.3d 1346 (Fed. Cir. 2011); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th

2   Cir. 2004).  The Court also may not assume that "the [plaintiff] can prove facts that [he or she]

3   has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

4   459 U.S. 519, 526 (1983).

5       Claims that "sound in fraud," including fraudulent concealment and statutory consumer

6   claims premised on fraud allegations, must also meet the heightened pleading standard of Rule

7   9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

8                                      **ARGUMENT**

9   **I.     PLAINTIFF LACKS CONSTITUTIONAL STANDING.**

10      At the threshold, this Court lacks subject matter jurisdiction over GM because Plaintiff

11  Nisam lacks standing and there is thus no "case-or-controversy" under Article III.  *Clapper*, 133

12  S. Ct. at 1146 ("'No principle is more fundamental to the judiciary's proper role in our system of

13  government than the constitutional limitation of federal-court jurisdiction to actual cases or

14  controversies.'" (citation omitted)).  Plaintiff Nisam has the burden to plead and prove facts

15  showing he has standing.  *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).  He must show "(1)

16  . . . an 'injury in fact' . . . (2) [that] is fairly traceable to the [] action of the defendant; and (3) it is

17  likely, as opposed to merely speculative, that the injury will be redressed by a favorable

18  decision."  *Montana Envt'l. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014)

19  (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Srvs. (TOC), Inc.*, 528 U.S. 167, 180-81

20  (2000)); *Lujan*, 504 U.S. at 560-61.

21      **A.     Plaintiff Nisam Does Not Allege Any Concrete or Impending Injury.**

22      To demonstrate standing, a plaintiff must allege injury that is more than speculative; it

23  must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

24  *Lujan*, 504 U.S. at 560 (citation and internal quotation marks omitted).  An injury that is

25  sufficiently imminent to confer standing "must be *certainly impending*;" "'allegations of *possible*

26  future injury' are not sufficient."  *Clapper*, 133 S. Ct. at 1147 (emphasis in original) (citation and

27  alteration omitted).

28

### 1.      Plaintiff Does Not Allege His Car Was Ever Hacked.

Plaintiff Nisam alleges neither actual nor "certainly impending" injury.  He does not allege that his GM car has been "hacked" or that it has malfunctioned in any way.  Plaintiff does not allege that his car does not operate as intended.  Plaintiff likewise does not allege that his GM car in normal use will inevitably be—or will even likely be—"hacked."  He only alleges fear it *might* be because it is "susceptible" to hacking.  *See, e.g.*, Am. Compl. ¶¶ 5, 8.  These "fears" rest entirely upon his speculation that *a* vehicle could be the subject of third-party criminal conduct, *i.e.*, "infiltrat[ion]" or "hack[ing]" by an "attacker" or other third-party who "tak[es] control of the basic functions of the vehicle." *Id.* ¶¶ 1, 4, 34.  Thus, Plaintiff seems to be claiming that his mere ownership of a car that allegedly is "susceptible" to hacking constitutes injury.  This is not enough for Article III standing.

Courts in this jurisdiction and nationwide regularly dismiss for lack of standing "no injury" claims by purchasers or users of products that, like Mr. Nisam's car, have not failed and have not produced injury.  *Contreras v. Toyota Motor Sales USA, Inc.*, No. C 09-06024 JSW, 2010 WL 2528844, *6 (N.D. Cal. June 18, 2010) (dismissing with prejudice), *aff'd and rev'd on other grounds*, 484 Fed. App'x 116 (9th Cir. 2012) (no standing because "[p]laintiffs do not allege that their vehicles have manifested the alleged defect" or that a defect is reasonably likely to occur in their vehicles); *Whitson v. Bumbo*, No. C 07-05597 MHP, 2009 WL 1515597, at *4, *7 (N.D. Cal. Apr. 16, 2009) (no standing because plaintiff "fails to allege that her [product] manifested the purported defect"); *Riva v. PepsiCo, Inc.*, No. C 14-2020- EMC, 2015 WL 993350, at *4 (N.D. Cal. Mar. 4, 2015) (dismissing with prejudice) (no standing where plaintiffs do not allege credible and substantial risk of cancer from ingesting Pepsi products); *U.S. Hotel and Resort Mgmt., Inc. v. Onity, Inc.*, No. 13-499 (SRN / FLN), 2014 WL 3748639, at *7 (D. Minn. July 30, 2014) (dismissing with prejudice) (no standing where plaintiffs alleged hotel locks were susceptible to being hacked but were not actually hacked); *see also, e.g.*, *Harrison v. Leviton Mfg. Co.*, No. 05-cv-0491, 2006 WL 2990524, at *3 (N.D. Okla. Oct. 19, 2006) (dismissing with prejudice) (no standing where plaintiff homeowner alleged an electrical system defect creating an increased risk of fire, but no fire or damage occurred).

Further, courts find allegations of injury in fact conjectural and hypothetical when injury can occur only due to an intervening act of a third party.  In *Onity,* for example, plaintiff hotel owners and operators alleged that electronic keycard-operated hotel locks were defective because they were "susceptible" to hacking.  They alleged that a software engineer revealed that Onity locks could be bypassed by a homemade device created with readily available parts.  2014 WL 3748639, at *1.  They made no allegation that any of their locks had ever been breached or hacked, and no allegation that the locks did not operate as intended.  *Id.* at *3.  Relying on a line of authority refusing to find standing based on allegations of injury that might be caused by "future unauthorized access by a third-party," the court dismissed the complaint, concluding that the potential for future unauthorized entry was not "certainly impending," and therefore did not confer standing.  *Id.*  "While it is possible that a potential intruder would in fact attempt to gain entry, 'allegations of *possible* future injury are not sufficient.'"  *Id.* (quoting *Clapper*, 133 S. Ct. at 1147 (emphasis in original)).  Citing numerous cases holding that the unauthorized collection of personal data that might at some point be hacked does not create the injury required to support Article III standing, the *Onity* court found it significant that "no such unauthorized entry could occur unless and until [a] third-party acted with criminal intent to gain entry."  *Onity*, 2014 WL 3748639, at *4, *5 (citing *inter alia Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d Cir. 2011) (affirming dismissal with prejudice)).

For the same reasons set forth in *Onity* and *Reilly*, Plaintiff Nisam does not have standing here.  To paraphrase the *Reilly* court, allegations of injury are too speculative for Article III purposes when a plaintiff describes the manner of his injury by beginning with the word 'if':  *if* the hacker breaches Plaintiff's car, and *if* he or she assumes control of it, and *if* someone is harmed, only then will Plaintiff have suffered an injury.  664 F.3d at 43.

### 2.      Plaintiff Does Not Allege Any Information Was Ever Hacked.

Plaintiff Nisam similarly alleges that GM collects data and transmits it in an unsecure manner, rendering the data "an attractive target for hackers."  Am. Compl. ¶¶ 7, 50.  Plaintiff does not allege an actual breach or taking of data, nor any actual harm resulting from its collection or transmission.  He does not allege that any unauthorized person obtained or used any of the data.

He makes only a conclusory and unsupported allegation that he has "suffered damage." *Id.* ¶ 138. This is not enough for standing.

Courts repeatedly have held that such vague allegations of remote future harm are insufficient. *See, e.g.*, *LaCourt v. Specific Media, Inc.*, No. SACV 10–1256–GW(JCGx), 2011 WL 1661532, at *4 (C.D. Cal. Apr. 28, 2011). Allegations of improper sharing of personal information demonstrate standing only when they are ***not*** conjectural and hypothetical. *Id.*; *see also Whitaker v. Health Net of California, Inc.*, No. 11-0910-KJM, 2012 WL 174961, at *4 (E.D. Cal. Jan. 20, 2012) (plaintiff's fear of future harm held "wholly conjectural and hypothetical" where servers containing plaintiff's personal and medical information were lost). The *Onity* court found the same, commenting that allegations of unauthorized third-party access to confidential data are insufficient to establish standing unless that data is actually used in an improper manner. *Onity*, 2014 WL 3748639, at *5. Because Plaintiff Nisam does not allege any unauthorized taking of his data, let alone use of it, or any other harm, he lacks standing to pursue this claim.[1]

### 3.  Plaintiff's Conclusory Allegations Of Economic Loss Are Insufficient.

Recognizing the obvious deficiencies in his injury allegations, Plaintiff claims economic loss, *i.e.*, that he allegedly would not have purchased or paid as much for his car if he had known of the alleged "hackability." Am. Compl. ¶ 66. In analyzing Article III standing requirements, California federal courts consistently reject this approach, finding that bald allegations of "economic loss" do not demonstrate injury. *Lee*, 992 F. Supp. 2d at 973 (dismissing with prejudice) ("conclusory allegations" of diminished value "insufficient" to establish Article III standing); *see also Parker v. Iolo Techs., L.L.C.*, No. 12-00984, 2012 WL 4168837, at *2 (C.D. Cal. Aug. 20, 2012) (no standing where plaintiff did not plausibly allege that he experienced a product defect or paid money for a product "that [did] not function as advertised") (dismissing with prejudice). In *Lee*, a case alleging breach of warranty and California statutory unfair

---

[1]To the extent Plaintiff contends that the alleged mere collection of data violates Plaintiff's right to privacy, this allegation is much too vague and conclusory, and wholly without merit. *See infra* at 15-19. Plaintiff himself concedes that defendants "make drivers aware of such data collection in owners' manuals, online 'privacy statements,' and terms & conditions of specific feature activations." Am. Compl. ¶ 50.

competition claims, the court held that where a plaintiff claims "insufficient performance of a product or its features, [he] must allege 'something more' than 'overpaying' for a 'defective product'" to establish Article III standing. *Lee*, 992 F. Supp. 2d at 973 (citing *In re Toyota Motor Corp. Unintended Acceleration Litig.*, 790 F. Supp. 2d 1152, 116 n.11 (C.D. Cal. 2011) ("When the economic loss is predicated solely on how a product functions, and the product has not malfunctioned, the Court agrees that something more is required than simply alleging an overpayment for a 'defective' product" including "having stopped using the vehicles for fear of personal safety or having sold or traded-in vehicles at a loss due to depressed resale values following recalls" or publicized accidents and deaths)).[2]

Here, Plaintiff Nisam makes no allegations that his car does not function as intended. Further still, Plaintiff alleges no facts in support of his conclusory allegations that he "would not have purchased [his] vehicle[] or would not have paid as much as [he] did to purchase [it]." Am. Compl. ¶ 66. Plaintiff does not, for instance, allege that he sold or attempted to sell or trade in his vehicle at a loss as a result of the alleged defect, or that he is unwilling or somehow unable to drive his vehicle. *See generally* Am. Compl. Plaintiff's conclusory assertions of economic loss are insufficient to establish injury or standing. *See, e.g.*, *Contreras*, 2010 WL 2528844, at *6 (dismissing for lack of standing where "Plaintiffs['] allegation that their vehicles are worth substantially less than they would be without the alleged defect is conclusory and unsupported by any facts").

**B.      Plaintiff Nisam Alleges Conduct Not Traceable To GM.**

Because Plaintiff does not allege or even have any injury, the Court need not address the other requirements of Article III standing. In any event, Plaintiff also does not satisfy the traceability prong of standing, requiring him to trace any alleged injury to conduct of GM, because he alleges a hypothetical intervening criminal act. The need for an intervening third-

---

[2] Plaintiff has not, and cannot, argue that he has suffered economic loss by the alleged collection of personal data. California federal courts have squarely addressed this issue and held allegations that the collection of personal information deprives plaintiff of its economic value do not assert the actual or imminent harm required to meet Article III standing requirements. *See, e.g.*, *LaCourt*, 2011 WL 1661532, at **3-5.

1  party act means the harm cannot be "traced" to GM.  *See, e.g.*, *Lujan*, 504 U.S. at 560 (Article III

2  also requires that Plaintiffs allege a "causal connection between the injury and the conduct

3  complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the

4  defendant, and not . . . the result [of] the independent action of some third party not before the

5  court.'" (alterations in original) (citation omitted)); *Simon v. E. Ky Welfare Rights Org.*, 426 U.S.

6  26, 41-42 (1976).  Traceability is particularly implausible where, as here, the intervening third-

7  party conduct is criminal.  *See Alston v. Advanced Brands and Importing Co.*, 494 F.3d 562, 565

8  (6th Cir. 2007) ("[T]he causal connection between the defendants' advertising and the plaintiffs'

9  alleged injuries is broken by the intervening criminal acts of the third-party sellers and the third-

10  party, underage purchasers. . . . A crime is an independent action.").

11        The *Onity* court recognized this additional failing, finding that the risk of unauthorized

12  entry into hotel rooms in the future "does not present any 'certainly impending' injury, much less

13  one that would be fairly traceable" to the hotel lock manufacturer.  2014 WL 3748639, at *3.

14  Likewise here, any unauthorized breach of the electronic components in Plaintiff's vehicle by a

15  third-party criminal is not conduct fairly traceable to GM.

16  **II.    PLAINTIFF NISAM FAILS TO STATE ANY CLAIMS UNDER CALIFORNIA
          LAW.**

17

18        None of Plaintiff Nisam's claims (Counts I-VIII) survives scrutiny under Rule 12(b)(6)

19  because he does not sufficiently allege facts showing essential elements of each of his claims.

20        **A.    The Absence Of Injury Dooms All Of Plaintiff Nisam's Claims.**

21        Each of the claims asserted by Plaintiff Nisam has actual "injury" as a required element.

22  He does not satisfy this element because he alleges only a "risk" of injury in the future from an

23  alleged defect that has not manifested itself in his car.  Allegations of future risk do not support

24  claims for breach of warranty, fraud, invasion of privacy, or violation of California's consumer

25  protection statutes.

26        **1.    Warranty Claims.**

27        For express and implied warranty claims, without an allegation of product failure,

28  unmanifested defect claims are subject to dismissal for failure to allege the essential element of

injury.  *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 630 (8th Cir. 1999) (dismissing express and

implied warranty claims where no defect manifested in vehicles' brakes); *Taragan v. Nissan N.*

*Am. Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013) (dismissing

implied warranty claim as "theoretical" because "none of the Plaintiffs has actually experienced a

rollaway incident"); *see also, e.g.*, *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009)

(dismissing implied warranty claim where no product failure and no allegation injury inevitable);

*O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) (dismissing express and implied

warranty claims where purported defect did not cause the feared harm); *In re*

*Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1017 (7th Cir. 2001) ("No

injury, no tort, is an ingredient of every state's law . . . If tort law fully compensates those who are

physically injured, then *any recoveries by those whose products function properly mean excess*

*compensation*.") (emphasis added).

   This Court's Taragan decision underscores the need for more than a risk of possible future

harm.  The *Taragan* plaintiffs' complaint alleged that their vehicles were *at risk* for a rollaway

incident, but "none of the Plaintiffs ha[d] actually experienced a rollaway incident."  *Id.*  Thus,

"[i]n asserting a warranty claim, . . . it is not enough to allege that a product line contains a defect

or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their

product *actually exhibited the alleged defect*."  *Taragan*, 2013 WL 3157918, at *4 (quoting

*O'Neil*, 574 F.3d at 505) (alterations and internal quotation marks omitted).  Plaintiff Nisam

likewise alleges no injury because he never claims a "product failure" nor that his vehicle has

been "hacked," just that there is a potential future risk.  Without more, his warranty claims cannot

proceed.  Plaintiff not only got what he paid for, a car that works and that he continues to drive,

but any alleged harm would necessarily depend on an intervening, criminal act.  Thus, the case

for dismissal here is even stronger than in *Taragan*.

### 2.    Consumer Protection Claims.

   Claims under California's consumer protection statutes also require an injury in fact.

Where the plaintiff gets the benefit of his bargain, in the form of a product that performs and does

not exhibit a defect, plaintiff does not assert an injury under the UCL, the CLRA or the FAL and

1    lacks standing to assert these claims.  *Lee*, 992 F. Supp. 2d at 973 (dismissing UCL and fraud

2    claims for failure to state a claim because plaintiffs did not allege vehicle's pre-collision system

3    failed to operate as intended or as advertised); *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d

4    964, 976 (N.D. Cal. 2014) ("where—as here—a consumer fails to allege facts showing that

5    he/she experienced any harm resulting from product use, the consumer has failed to allege

6    damage under the UCL/FAL/CLRA or common law fraud"); *Birdsong*, 590 F.3d at 961-62;

7    *Parker*, 2012 WL 4168837, at *3; *Whitson*, 2009 WL 1515597, at *6; *see also In re*

8    *Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 288 F.3d at 1017 (as noted above, actual

9    injury is an essential element)); *Watkins v. Omni Life Sci., Inc.*, 692 F. Supp. 2d 170, 176 (D.

10   Mass. 2010) (dismissing putative class action asserting breach of warranty, fraud and violations

11   of consumer protection statutes, among others, because "[a]pprehension of a heightened risk

12   stemming from an allegedly defective product that has not failed or caused harm is insufficient as

13   a matter of law to support a claim"); *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y.

14   1997) (finding "'[p]urchasers of an allegedly defective product have no legally recognizable

15   claim where the alleged defect has not manifested itself in the product they own'" (alteration in

16   original) (citation omitted)).

17         Further, to satisfy the injury in fact requirement under the UCL, FAL and CLRA, a

18   plaintiff must "'demonstrate the purchase of products *as a result of* deceptive advertising.'"

19   *Bishop v. 7-Eleven, Inc.*, 37 F. Supp. 3d 1058, 1065 (N.D. Cal. 2014) (emphasis added); *Kane v.*

20   *Chobani, Inc.*, 973 F. Supp. 2d 1120, 1129 (N.D. Cal. 2014).  Thus, the "plaintiff must allege that

21   the defendant's misrepresentations were an immediate cause of the injury-causing conduct."

22   *Bishop*, 37 F. Supp. 3d at 1065.  Plaintiff does not allege this and therefore his claim cannot

23   proceed.

24              **3.    Privacy Claim.**

25         As the foundation for his privacy claim, Plaintiff Nisam alleges that his data is being

26   collected by GM and shared without adequate security protections and thus someday in the future

27   might be hacked.  Am. Compl. ¶¶ 49, 50.  Injury is an essential element of such a privacy claim.

28   *See LaCourt*, 2011 WL 1661532, at *4 (plaintiff must "specifically" allege that plaintiffs

"themselves were affected" by defendants' alleged practices).  Because Plaintiff Nisam does not

allege an actual and concrete injury caused by the alleged sharing of his personal data, his claim

cannot proceed.

### B.    Plaintiff Nisam Fails To State A Claim For Breach Of Implied Warranty Of Merchantability (Counts IV and VII).

Plaintiff Nisam alleges two claims for breach of implied warranty; one under California

Commercial Code (UCC) § 2314 (Count IV) and the other under California's Song-Beverly Act,

Cal. Civ. Code §§ 1791.1, 1792 (Count VII).  Beyond the lack of injury, these claims could not

proceed in any event because Plaintiff does not allege facts plausibly showing that his car is not

fit for its intended purpose.

Under both the UCC and Song-Beverly, a product to be merchantable must merely be "fit

for the ordinary purposes for which [it is] used."  Cal. Civ. Code § 1791.1(a)(2); Cal. Com. Code

§ 2314(a) & (c); *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1295-96

(1995) ("Unlike express warranties, which are basically contractual in nature, the implied

warranty of merchantability arises by operation of law. It does not 'impose a general requirement

that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level

of quality.'" (citations omitted)).  To state a claim, therefore, a plaintiff must show that the

product "did not possess even the most basic degree of fitness for ordinary use."  *Mocek v. Alfa

Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003).  In the case of a vehicle, the plaintiff must allege

that it does not serve its "ordinary purpose" of providing transportation.  *Am. Suzuki Motor Corp.*,

37 Cal. App. 4th at 1296 (agreeing with courts in other jurisdictions that "in the case of

automobiles, the implied warranty of merchantability can be breached only if the vehicle

manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing

transportation").

Plaintiff makes no such allegation.  Specifically, he does not allege that his car actually

has exhibited the alleged defect, let alone caused him to stop driving it.  *See Taragan*, 2013 WL

3157918, at *4 (to maintain implied warranty claim, "'plaintiffs must allege that their product

actually exhibited the alleged defect'") (internal quotation marks and citation omitted); *Lee*, 992

1   F. Supp. 2d at 980 (vehicle not unmerchantable where alleged defect did not cause plaintiff to

2   stop driving); *Kent v. Hewlett-Packard Co.*, No. 09-5341 JF (PVT), 2010 U.S. Dist. LEXIS

3   76818, at *12 (N.D. Cal. July 10, 2010) (no unmerchantability where alleged defect did not

4   force plaintiff to stop using computer).

5           Plaintiff alleges that his car is vulnerable to a malicious act of a third party intruder

6   hacking the vehicle.  The law does not recognize a potential vulnerability to be a defect that

7   renders a car unfit for its ordinary purpose of providing transportation.  Thus, Plaintiff's implied

8   warranty claims fail as a matter of law.

9           Finally, Plaintiff alleges that he purchased his GM car from an independent dealer, Novato

10  Chevrolet. Am. Compl. ¶ 14.  He does not allege any facts to establish that he was in privity of

11  contract with GM.  Under California Commercial Code § 2314, a plaintiff must stand in direct

12  contractual privity with the defendant.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

13  1023 (9th Cir. 2008).  A consumer who buys from a car dealer is not in privity with the

14  manufacturer.  *Id*.  Thus, Plaintiff Nisam does not and cannot allege vertical privity and his UCC

15  implied warranty claim should be dismissed.

16          **C.      Plaintiff Nisam Cannot State A Claim For Breach Of Contract Or "Common
17                    Law Warranty" (Count V).**

18          Plaintiff conflates two causes of action, breach of contract and common law warranty, into

    a single claim.  Yet Plaintiff does not allege the terms of a specific oral or written contract with

19  GM, nor attach any alleged contract to the complaint, nor identify contract provisions that have

20  been breached.  The same is true for the common law warranty claim.  The complaint does not

21  allege the terms of the warranty, what language creates it, or where that language can be found.

22
23          Plaintiff does not plead the essential elements of a breach of contract claim: (1) a contract,

24  (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4)

25  resulting damages to plaintiff.  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010)

26  (emphasis omitted).  Only in conclusory terms does Plaintiff allege the existence of a purchase

27  contract with GM and even that conclusory allegation (with no supporting factual content)

28  conflicts with his earlier admission that he purchased his car from a dealer.  *See* Am. Compl. ¶¶

14, 104.  Conclusory allegations are insufficient to support a claim for breach of contract.  *See Lee*, 992 F. Supp. 2d at 981 (citing, *inter alia*, *Zody v. Microsoft Corp.*, No. 12–cv–00942–YGR, 2012 WL 1747844, at *4 (N.D. Cal. May 16, 2012)).  Instead, Plaintiff Nisam must allege the specific terms of the contract with GM,[3] and say whether it is oral or written.  *Alvarado v. Aurora Loan Servs., LLC*, No. 12-0254, 2012 WL 4475330, at *4 (C.D. Cal. Sept. 20, 2012) (written contract "must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference"); *Castro v. JPMorgan Chase Bank, N.A.*, No. 14-cv-01539, 2014 WL 2959509, at * 2 (N.D. Cal. June 30, 2014) ("To allege a breach of contract claim, the complaint must indicate on its face whether the contract is written, oral, or implied by conduct.") (citing Cal. Civ. P. Code § 430.10(g)).  Plaintiff obviously has done none of these things.

To the extent the "breach of contract/common law warranty" claim seeks to advance a common law warranty claim, *i.e.*, a claim under an express warranty outside the GM limited new vehicle warranty, it once again fails to plead essential elements:  "To plead an action for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury."  *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 986-87 (N.D. Cal. 2009); *see also Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *4 (N.D. Cal. June 5, 2009) (California warranty law requires a plaintiff to prove that the defendant breached an express promise regarding its goods).  The complaint does not allege the terms of any warranty, or describe any express promise, and thus provides no plausible factual basis for a "common law warranty" claim.

Plaintiff abandoned a warranty claim in the original complaint deleting references to the express limited warranty contained in his owners' manual.  *Compare* Compl. ¶ 53 *with* Am.

---

[3] With no specific contract or warranty terms, Plaintiff has not established the privity required to maintain a breach of contract or express warranty claim in California.  *Yu-Santos v. Ford Motor Co.*, No. 1:06- CV-01773-AWI-DLB, 2009 WL 1392085, at *20 (E.D. Cal. May 14, 2009) (citing *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058-59 (2008)).

1    Compl. ¶¶ 103-04.  This abandonment suggests Plaintiff recognizes other potential deficiencies in

2    any express warranty claim, including his failure (and likely inability) to allege that he presented

3    his Chevrolet Volt for repair of any deficiencies in materials and workmanship and the fact that

4    his limited warranty simply does not cover alleged "design defects."  *See, e.g.*, *Trusky v. Gen.*

5    *Motors Co.*, 2013 Bankr. LEXIS 620, at *18, *19 (Bankr. S.D.N.Y. Feb. 19, 2013) (". . . GM can

6    be required [under the warranty] to replace spindle rods that were defective because of materials

7    or workmanship with new spindle rods of the same design within the warranty period, but it

8    cannot be required to change the design of the spindle rods.").

9           Without allegations showing a plausible factual basis for the existence of any contract

10   with GM or the essential terms of any warranty, Count V must be dismissed under *Iqbal* and

11   *Twombly*.  *See Zody*, 2012 WL 1747844, at *4 (citing *Twombly*, 550 U.S. at 555).

12          **D.      The Complaint Fails To State A Privacy Claim Under The California
                      Constitution (Count VIII).**

13

14          Plaintiff Nisam does not allege sufficient facts to state a plausible claim for invasion of

15   privacy under the California Constitution.  To allege a violation of his state constitutional right to

16   privacy, a plaintiff must assert facts establishing "(1) a legally protected privacy interest; (2) a

17   reasonable expectation of privacy in the circumstances; and (3) conduct by [the] defendant

18   constituting a serious invasion of privacy."  *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1,

19   39-40 (1994).   Plaintiff Nisam does not allege any facts showing any of these three required

20   elements.  *See, e.g.*, *Scott-Codiga v. Cnty. of Monterey*, No. 10–CV–05450, 2011 WL 4434812, at

21   *7 (N.D. Cal. Sept. 23, 2011) (dismissing right to privacy claim brought under the California

22   Constitution where plaintiff failed to plead the threshold elements with adequate specificity).

23          **1.      Plaintiff Nisam Does Not Allege Invasion Of A Legally Protected
                      Privacy Interest.**

24          "Legally recognized privacy interests are generally of two classes: (1) interests in

25   precluding the dissemination or misuse of sensitive and confidential information ('informational

26   privacy'); and (2) interests in making intimate personal decisions or conducting personal

27   activities without observation, intrusion, or interference ('autonomy privacy')."  *See Hill*, 7 Cal.

28   4th at 35.  Plaintiff Nisam purports to assert a claim under the first category by claiming a

1    "legally protected privacy interest in . . . the geographic location of [his] vehicle[] at various

2    times."  Am. Compl. ¶ 135.  The "information privacy" plaintiff identifies, as a matter of law, is

3    not protected.

4          The California Constitution does not create a legally protected privacy interest in *all*

5    consumer information.  It protects only information that is "sensitive and confidential."  *See In*

6    *re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014).  "A particular class of

7    information is private [and therefore sensitive and confidential] when well-established social

8    norms recognize the need to maximize individual control over its dissemination and use to

9    prevent unjustified embarrassment or indignity."  *Hill*, 7 Cal. 4th at 35.  Applying these

10   precedents, California courts have required particularly sensitive information to support a

11   legally protected privacy interest, such as a confidential medical profile, private financial

12   records, sexual orientation, and sexual activity.  *See, e.g.*, *Leonel v. Am. Airlines, Inc.*, 400 F.3d

13   702, 712 (9th Cir. 2005) (medical profile); *Charles O. Bradley Trust v. Zenith Capital LLC*, No.

14   C–04–2239 JSW(EMC), 2006 WL 798991, at *1-2 (N.D. Cal. Mar. 24, 2006) (private financial

15   records); *Nguon v. Wolf*, 517 F. Supp. 2d 1177, 1196 (C.D. Cal. 2007) (sexual orientation);

16   *Pearce v. Club Med Sales, Inc.*, 172 F.R.D. 407, 410 (N.D. Cal. 1997) (sexual activity).

17         Plaintiff Nisam fails to assert the invasion of any sensitive and confidential information.

18   Rather, he seeks protection of information on the geographic location of his vehicle "at various

19   times."  Am. Compl. ¶ 135.  The disclosure of "[a] person's general location is not the type of core

20   value, informational privacy explicated in *Hill*."  *Fredenburg v. City of Fremont*, 119 Cal. App.

21   4th 408, 423 (2004).  Mr. Nisam does not, and cannot, reasonably assert that one ordinarily

22   expects a car's location on public streets to be private.  Nor has he explained why any potential

23   dissemination of this information would injure him.[4]

24

---

25   [4] The complaint also refers to the collection of vehicle performance data generally (Am. Compl. ¶
     50) without alleging that Plaintiff Nisam's vehicle performance data has been collected by GM.
26   But even if such an allegation had been made, as shown above, vehicle performance data also is
     not the kind of "sensitive" and "confidential" data California courts find to be protected from
27   collection.  Moreover, Plaintiff does not allege that the collection of such data has been harmful
     to him.

28

1

2.      **Plaintiff Nisam Does Not Allege A Reasonable Expectation Of Privacy In The Data.**

2

3          To meet the second prong of an invasion of privacy claim, a plaintiff must allege an

4     objectively reasonable expectation of privacy in the information he seeks to protect.  *Hill*, 7 Cal.

5     4th at 37.  This element rests on an examination of the "customs, practices, and physical settings

6     surrounding particular activities. . . . [O]pportunities to consent voluntarily to activities impacting

7     privacy interests obviously affect [] the expectation of the participant."  *Pioneer Electronics*

8     *(USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370-71 (2007) (internal citations and quotation

9     marks omitted) (alterations in original); *see also In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1037-38

10    (The reasonableness of a plaintiff's privacy expectation "must take into account…advance notice

11    to Plaintiff, and whether Plaintiff had the opportunity to consent or reject the very thing that

12    constitutes the invasion." (internal quotation marks and alterations omitted)).  Courts dismiss on

13    the pleadings privacy claims like Mr. Nisam's where the allegations show no reasonable

14    expectation of privacy, *see Hill*, 7 Cal. 4th at 40, and where plaintiffs make conclusory allegations

15    unsupported by fact, *see In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1041 (when "Plaintiffs'

16    allegations are simply a bare recitation of the elements of a privacy claim," a court "cannot assess

17    whether Plaintiffs had . . . a reasonable expectation of privacy" in information).  Plaintiff Nisam's

18    invasion of privacy claim fails for both reasons.

19          First, Mr. Nisam does not identify any information in which he would have a reasonable

20    expectation of privacy.  He concedes that GM "make[s] drivers aware of [its] data collection in

21    owners' manuals, online "privacy statements," and terms & conditions of specific feature

22    activations . . ."  Am. Compl. ¶ 50.  A consumer cannot reasonably expect privacy in data where a

23    manufacturer has explicitly provided notice and obtained consent to its collection.  *In re Yahoo*

24    *Mail Litig.*, 7 F. Supp. 3d at 1041 ("The plaintiff in an invasion of privacy action must . . . not

25    have manifested by his or her conduct a voluntary consent to the invasive action of defendant.");

26    *see also Berry v. Webloyalty.com, Inc.*, No. 10–CV–1358–H (CAB), 2011 WL 1375665, at *10

27    (S.D. Cal. Apr. 11, 2011), *vacated and remanded on other grounds*, 517 Fed. App'x 581 (9th Cir.

28    2013) (dismissing invasion of privacy claims because plaintiff had no "reasonable expectation of

1   privacy . . . where Plaintiff consented to have his billing information shared").

2          Second, Plaintiff Nisam's invasion of privacy claim fails because he alleges his claim in

3   pure conclusory fashion.  He asserts only a "reasonable expectation of privacy in [his] personal

4   data."  Am. Compl. ¶ 136.  His pleading on this issue ends there.  He fails to allege any detail as

5   to why this expectation is objectively reasonable.  While Plaintiff Nisam complains that he is

6   unable to opt out of certain collection practices, *see* Am. Compl. ¶ 50, he does not sufficiently

7   identify those practices, so there is no factual basis for a plausible claim for relief.

8                    **3.      Plaintiff Nisam Does Not Allege A "Serious" Invasion Of Privacy.**

9          Plaintiff Nisam has not asserted a "serious" invasion of privacy under California law.

10  "'Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or

11  potential impact to constitute an *egregious breach* of the social norms underlying the privacy

12  right.'"  *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (quoting

13  *Hill*, 7 Cal. 4th at 26, 37).  The transmission of one's geographic information, however, does *not*

14  constitute an egregious breach of social norms.  *See id.*, 844 F. Supp. 2d at 1063 (dismissing

15  claim because "[h]ere, the information allegedly disclosed to third parties included the unique

16  device identifier number, personal data, and geolocation information from Plaintiffs' iDevices.

17  Even assuming this information was transmitted without Plaintiff's knowledge and consent . . .

18  such disclosure does not constitute an egregious breach of social norms."); *Yunker v. Pandora*

19  *Media, Inc.*, No. 11-CV-03113 JSW, 2013 WL 1282980, at *15 (N.D. Cal. Mar. 26, 2013)

20  (finding allegations that defendant provided plaintiffs' personally identifiable information,

21  including geolocation information, to advertising libraries insufficient to show egregious breach

22  of social norms); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (upholding

23  dismissal of claim because "the supposed invasion of privacy essentially consisted of [Defendant]

24  obtaining plaintiff's address without his knowledge or permission, and using it to mail him

25  coupons and other advertisements.  This conduct is not an egregious breach of social norms. . .

26

27

28

1    .").[5]  Plaintiff Nisam's allegations of GM's collection of data simply do not constitute the serious

2    invasion of privacy California courts require, and thus his invasion of privacy claim cannot stand.

3           **E.**       **Plaintiff Nisam's Fraud-Based Claims Must Be Dismissed (Counts I, II, III and VI).**

4           Plaintiff's claims under the UCL (Count I), CLRA (Count II), and FAL (Count III), and

5    his common law claim for fraud by concealment (Count VI) are fraud-based.  Under Federal

6    Rules of Civil Procedure 9(b) and 12(b)(6), these claims must be pleaded with particularity.  The

7    Court should dismiss these claims for:  (1) failure to satisfy Rule 9(b)'s heightened pleading

8    requirements; and (2) failure to allege reasonable or justifiable reliance.

9
10          **1.**       **Plaintiff's Fraud-Based Allegations Are Subject To Rule 9(b)'s Heightened Pleading Requirements.**

11          Plaintiff Nisam's "fraud by concealment" claim is a cause of action for fraud and is

12   therefore subject to Rule 9(b)'s heightened pleading standard.  *Taragan*, 2013 WL 3157918, at

13   *5.  Rule 9(b) also applies to all claims—including claims under the UCL, the CLRA, and the

14   FAL—that are "grounded in fraud" or that "sound in fraud."  *Kearns*, 567 F.3d at 1125; *see also*

15   *Netbula, LLC v. BindView Dev. Corp.*, 516 F. Supp. 2d 1137, 1153 (N.D. Cal. 2007) ("To

16   establish a fraud claim under California law, a plaintiff must show: (a) misrepresentation (false

17   representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent

18   to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage.").

19          Plaintiff premises his UCL, CLRA, and FAL claims on alleged misrepresentations,

20   omissions and concealment concerning the "hackability" of the CAN bus system.  *See, e.g.*, Am.

21   Compl. ¶¶ 5, 6, 26-27, 36, 65-66, 74, 78-80, 83, 87-88, 108-110, 112-116.  Plaintiff alleges, for

22   instance, that Defendants engaged in "unfair, deceptive, and/or fraudulent business practices," *id.*

23   ¶ 6; "knowingly and intentionally conceal[ed]" information from plaintiffs," *id.* ¶ 65; made

24   "material omissions and misrepresentations," *id.* ¶ 78; and "concealed and/or suppressed material

25   facts," *id.* ¶ 108.  Because Plaintiff Nisam alleges fraud to support his UCL, CLRA and FAL

26
27   ---
     [5] *Contrast Hill*, 7 Cal. 4th at 40-41 (direct observation of urination by a monitor sufficiently egregious invasion); *Egan v. Schmock*, 93 F. Supp. 2d 1090 (N.D. Cal. 2000) (stalking and filming of neighbors in their home sufficiently egregious invasion).

28

DEFENDANT GM'S MOTION TO DISMISS; CASE
                                                       NO. 3:15-CV-01104-WHO

claims, they must be pleaded with particularity.

### 2.    Plaintiff Nisam Fails To Allege His Fraud-Based UCL, CLRA And FAL Claims With Particularity.

To satisfy Rule 9(b), a pleading must identify "the who, what, when, where and, how of the misconduct charged," and "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d 1120 at 1124 (internal quotation marks omitted); *see also* Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  To plead an actionable fraud-based claim under California's consumer protection statutes, moreover, a plaintiff must plausibly allege that a reasonable consumer would likely be deceived by the business practice or advertising at issue. *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 854 (N.D. Cal. 2012).  Plaintiff fails to allege with particularity any of the three bases on which he asserts fraud, and that a reasonable consumer would be deceived by GM's conduct.

First, Plaintiff Nisam does not allege with particularity that GM made misrepresentations.[6] He identifies only two assertions by GM:

- "Quality and safety are at the top of the agenda at GM, as we work on technology improvements in crash avoidance and crashworthiness to augment the post-event benefits of OnStar, like advanced automatic crash notification."  Am. Compl. ¶ 47.

- "General Motors today revealed that the development of one of the largest active automotive safety testing areas in North America is nearly complete at its Milford Proving Ground campus.  The Active Safety Testing Area will complement the Milford Proving Ground's vast test capabilities and increase GM's ability to bring the best new safety technologies to the customer."  *Id.* ¶ 48.

Mr. Nisam does not allege, among other things, the manner in which these representations were communicated to him (if at all), when they were communicated to him, how they were

---

[6] Only Mr. Nisam's CLRA claim asserts a misrepresentation.

1    communicated to him, or how they influenced his decision making[7] or misled him into believing

2    that a third party could not criminally and maliciously "hack" his vehicle.  Mr. Nisam likewise

3    does not allege how these general statements regarding GM's commitment to safety would lead a

4    reasonable consumer to believe that GM's cars cannot be the subject of criminal third-party

5    conduct.  Further, none of the representations that Mr. Nisam complains of describe his Chevrolet

6    Volt or even a specific GM vehicle, nor are these statements "specific and measurable" claims

7    that are capable of being proved true or false and therefore are not actionable.  *See Rasmussen v.*

8    *Apple, Inc.*, 27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014) ("'misdescriptions of specific or absolute

9    characteristics of a product are actionable,'" but statements "'merely . . . in general terms . . . [are]

10   not actionable'").  Plaintiff thus fails to allege any misrepresentation *of fact* by GM with the

11   requisite particularity.  *See, e.g.*, *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D.

12   Cal. 2007) ("Although Plaintiffs identify specific comments from Defendant's website . . . they

13   fail to specify the time frame during which these comments appeared. Nor have Plaintiffs

14   identified any other specific advertisements that are allegedly false.").

15        Second, Plaintiff's complaint is devoid of support for his suggestion that GM "concealed"

16   information.  To satisfy Rule 9(b) when allegations of fraud rest upon claims of concealment, a

17   plaintiff must specify affirmative acts of concealment.  *Taragan*, 2013 WL 3157918, at *6.

18   Plaintiff fails to do so.  Instead, he alleges concealment by GM in purely conclusory fashion.  *See,*

19   *e.g.*, Am. Compl. ¶ 65(a) (GM "knowingly and intentionally conceal[ed] from Plaintiffs and the

20   other California Class members that the Class Vehicles suffer from a design defect while

21   obtaining money from Plaintiffs"); *id.* ¶ 108 ("Defendants concealed and/or suppressed material

22   facts concerning the safety, quality, functionality, and reliability of their Class Vehicles").

23        Third, Plaintiff fails to adequately plead facts supporting his conclusory assertion that GM

24   made "omissions."  *See, e.g.*, *id.* ¶¶ 78, 87.  He does not indicate, for instance, the content of the

25   omission or where the omitted information could or should have been disclosed.  *See also*

26   _____

27   [7] The second statement affirmatively could not have influenced his decision to purchase his car
     since GM issued that press release more than 18 months after the date that Mr. Nisam alleges that
     he purchased his car.  Am. Compl. ¶ 48.

28

DEFENDANT GM'S MOTION TO DISMISS; CASE
                                                   NO. 3:15-CV-01104-WHO

1    *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009) ("to plead the

2    circumstances of omission with specificity, plaintiff must describe the content of the omission

3    and where the omitted information should or could have been revealed").

4         For an omission to be actionable under California's consumer protection statutes, a

5    plaintiff must allege a duty to disclose or facts "showing that the alleged omissions are 'contrary

6    to a representation actually made by the defendant. . . .'" *Davidson*, 76 F. Supp. 3d at 972

7    (quoting *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (2006)); *see also*

8    *Taragan*, 2013 WL 3157918, at *6 (for an omission to be actionable in fraud a plaintiff must

9    allege facts creating a duty to disclose). Plaintiff Nisam contends that GM owed a duty to

10   disclose for three reasons:   (1) "[GM] marketed [its] Class Vehicles as safe," when they are not,

11   Am. Compl. ¶ 109, (2) GM had "superior knowledge and access to the facts," *id.* ¶ 110, and (3)

12   GM "possessed exclusive knowledge" of the alleged defect. *Id.* ¶ 111. All three assertions fail as

13   a matter of law.

14        Plaintiff's complaint lacks any allegation that his vehicle functioned in any manner other

15   than as intended; he alleges only that it is "susceptible" to "hacking." His claim therefore is

16   entirely speculative. *See Smith v. Ford Motor Co.*, 749 F. Supp. 2d 980, 990-91 (N.D. Cal. 2010),

17   *aff'd* 462 Fed. App'x 660, 663 (9th Cir. 2011) (allegations that a defect could, among other

18   things, potentially make a vehicle vulnerable to theft held too speculative as a matter of law to

19   assert a safety defect that creates a duty to disclose). Plaintiff Nisam similarly asserts that his

20   vehicle is vulnerable to third-party criminal conduct, and therefore fails to allege a material safety

21   hazard that gives rise to a duty to disclose.

22        Moreover, "[t]he existence of a safety hazard does not, standing alone, give rise to a duty

23   to disclose." *Taragan*, 2013 WL 3157918, at *6, n.9. Only a "material" safety hazard must be

24   disclosed. *Id.* To prove that non-disclosed information is material, a plaintiff "must be able to

25   show that had the misrepresented or omitted information been [] disclosed, [a reasonable

26   consumer] would have been aware of it and behaved differently." *Winans v. Emeritus Corp.*, No.

27   13-CV-03962-SC (JCS), 2014 WL 3421115, at *2 (N.D. Cal. July 14, 2014); *Garcia v. Sony*

28   *Computer Entm't Am., LLC*, 859 F. Supp. 2d 1056, 1067 (N.D. Cal. 2012). Plaintiff does not

DEFENDANT GM'S MOTION TO DISMISS; CASE
NO. 3:15-cv-01104-WHO

1   allege that a reasonable consumer would expect a car to be impervious to third-party criminal

2   acts.  His claim is no different from, and just as absurd as, a claim that GM should be required to

3   disclose that all vehicle brakes are defective because a criminal could cut the brake line or remove

4   the brake fluid.

5          Conclusory allegations of "superior knowledge" of a defect are likewise insufficient to

6   create a duty to disclose.  *Taragan*, 2013 WL 3157918, at *6 (finding it insufficient under Rule

7   9(b) to allege merely that "the defendant has a superior understanding about the product's design

8   generally").  And, to adequately allege a defendant's exclusive knowledge (another basis for

9   asserting an actionable omission) of an alleged defect, a plaintiff "must offer 'specific

10  substantiating facts.'"  *Taragan*, 2013 WL 3157918, at *6.  Plaintiff fails to do so.

11         At bottom, Plaintiff seeks to assert fraud-based claims, but his complaint is bereft of

12  allegations of the "who, what, when, where and how" of the alleged fraud.  Plaintiff thus fails to

13  meet his pleading obligations, and Counts I, II, and III should be dismissed.  Concealment and a

14  duty to disclose are both elements of Plaintiff's fraudulent concealment claim.  *Taragan*, 2013

15  WL 3157918, at *6.  Plaintiff's failure to allege these elements is equally fatal to that claim.

16              **3.      Plaintiff Nisam Does Not Allege Reasonable Or Justifiable Reliance.**

17         Reliance is an "essential" element of any claim based on fraud or misrepresentation,

18  including claims brought under California's consumer protection statutes.  *See Clark v. Time*

19  *Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008); *see Kearns*, 567 F.3d at 1126.  To satisfy

20  pleading requirements, there must be more pled than a simple statement plaintiff justifiably relied

21  on the statements.  *Foster Poultry Farms v. Alkar-Rapidpack-MP Equip., Inc.*, No. 1:11–cv–

22  00030–AWI–SMS, 2012 WL 6097105, at *7 (E.D. Cal. Dec. 7, 2012).  The complaint must

23  "allege facts showing that the actual inducement of plaintiffs . . . was justifiable or reasonable."

24  *Id.* (citation and internal quotation marks omitted).  It is not enough to identify alleged statements

25  by the defendant; instead, the complaint must "provide an unambiguous account of the time,

26  place, and specific content of the false representations."  *Smedt v. Hain Celestial Grp.*, No. 5:12-

27  cv-03029, 2013 WL 4455495, at * 4 (N.D. Cal. Aug. 16, 2013) (internal quotation marks and

28  citation omitted); *accord Kearns*, 567 F.3d at 1126.  "A mere conclusory allegation that the

-23-

1   plaintiff relied on the misrepresentation is insufficient." *Foster Poultry Farms*, 2012 WL

2   6097105, at *7.  Mr. Nisam's allegations of "reliance" are deficient.

3        Plaintiff's allegations of fraud rest upon two statements GM allegedly made, yet he does

4   not, and cannot, allege that he relied upon either of these statements in deciding to purchase his

5   vehicle.  One such statement, according to Plaintiff, was made on October 23, 2014—more than a

6   full year-and-one-half *after* Plaintiff alleges he purchased his GM vehicle.  Am. Compl. ¶ 48.

7   Plaintiff neglects altogether to allege when GM made, or when he received, the remaining

8   representation, *see generally* Am. Compl., except to allege that he last reviewed that statement on

9   June 30, 2015, two years *after* he allegedly purchased his vehicle, Am. Compl. ¶ 47 n.30.

10  Statements viewed *after* a plaintiff's purchase could not have induced that purchase.

11       Plaintiff likewise fails to demonstrate that, even if he had relied on GM's statements, his

12  reliance was reasonable.  Specifically, the two GM statements to which Mr. Nisam refers concern

13  crashworthiness, crash avoidance, and the opening of a facility to test new technologies.  *Id.* ¶¶

14  47, 48.  Neither of these statements has any relationship to Plaintiff's claimed defect:

15  "susceptib[ility] to hacking."  Crashworthiness and crash avoidance have nothing to do with CAN

16  bus security.  A commitment to testing safety technologies in the future, made 18 months after

17  Plaintiff's purchasing decision, has no bearing on the features or characteristics of Plaintiff's own

18  vehicle or his choice of car.  Because Plaintiff fails to allege reliance, much less reasonable and

19  justifiable reliance, his fraud-based claims should be dismissed.

## CONCLUSION

21       For the foregoing reasons, GM respectfully requests that Plaintiffs' complaint be

22  dismissed in its entirety.

23

24  Dated:  August 28, 2015            CROWELL & MORING LLP

25                                     BY:  /s/ Cheryl A. Falvey

26                                     Attorneys for Defendant General Motors LLC

27

28

DEFENDANT GM'S MOTION TO DISMISS; CASE
NO. 3:15-CV-01104-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 28th day of August, 2015.


/s/      Rebecca B. Chaney

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT GM'S MOTION TO DISMISS AM.
COMPL.; CASE NO. 3:15-CV-01104-WHO

DCACTIVE-106241.0000046/32900562.1